UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANDRE DSHON EVANS,

    Petitioner,

v.                                        Case No. 3:21-cv-1492-MCR/MJF

M. V. JOSEPH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Dandre Dshon Evans ("Evans"), proceeding *pro se*, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. The undersigned recommends that Evans's petition be dismissed for lack of jurisdiction because he is seeking to challenge his conviction and sentence from the United States District Court for the Southern District of Mississippi.[1]

### I. BACKGROUND

On October 18, 2017, a grand jury in the Southern District of Mississippi returned a superseding indictment which charged Evans with three counts:

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

**Count 1:** possession of a firearm after conviction of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

**Count 2:** possession of a firearm after conviction of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

**Count 3:** possession of a firearm after conviction of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

*United States v. Evans*, No. 1:17-cr-102, Superseding Indictment, ECF No. 23 (S.D. Miss. Oct. 18, 2017).[2]

On October 24, 2017, Evans pleaded guilty to Count 2 and Count 3 of the Superseding Indictment. *Id.*, Plea Agreement, ECF No. 30 (S.D. Miss. Oct. 24, 2017); Doc. 1 at 2. The district court accepted Evans's guilty plea and adjudicated him guilty of the offenses.

On January 26, 2018, the district court sentenced Evans to 120 months of imprisonment on Count 2 of the superseding indictment and thirty-one months as to

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The undersigned will refer to documents filed in Evans's criminal case as "ECF No. ___" and documents filed in this current litigation as "Doc. ___". Evans should have received the documents filed in his criminal case. In any event, the documents are also available from the clerk of the court for the Southern District of Mississippi.

Count 3 of the superseding indictment, to run consecutively, for a total of 151 months of imprisonment. *Evans*, 1:17-cr-102, Judgment, ECF No. 41 at 2 (S.D. Miss. Jan. 26, 2018). The district court also imposed a three-year term of supervised release for both Counts 2 and 3 of the superseding indictment, to run concurrently. *Id.* at 3. Counts 1 and 2 of the original indictment and Count 1 of the superseding indictment were "[d]ismised on motion by the Government." *Id.* at 1.

Evans did not appeal his conviction. He did, however, file a motion to vacate his conviction or sentence under 28 U.S.C. § 2255. *Evans*, 1:17-cr-102, Motion to Vacate under 28 U.S.C. § 2255, ECF No. 47 (S.D. Miss. Feb. 20, 2018). The district court denied Evans's motion to vacate. *Id.*, Order, ECF. No 61 (S.D. Miss. Apr. 4, 2019).

Evans then filed a second motion to vacate under 28 U.S.C. § 2255. Evans asserted, *inter alia*, that: (1) the United States did not have standing to bring the criminal proceeding against him; (2) a prior state conviction could not abrogate his Second-Amendment right to possess a firearm; (3) the sentencing court "stacked" the same conduct and violated the Double Jeopardy Clause; and (4) the district court lacked Article-III jurisdiction. *Id.*, Motion to Vacate under 28 U.S.C. § 2255, ECF No. 65 (S.D. Miss. Sept. 7, 2021); Doc. 1. The district court denied Evans's second motion because Evans failed to obtain leave from the Fifth Circuit to file his second

or successive motion. *Evans*, No. 1:17-cr-102, Memorandum Opinion and Order, ECF No. 66 (S.D. Miss. Sept. 13, 2021).

Evans then filed this habeas petition under section 2241. Doc. 1. In this petition, Evans alleges that his conviction and sentence are invalid because: (1) the government lacked standing; (2) the government lacked subject-matter jurisdiction; and (3) his Fifth-Amendment right to be protected from double jeopardy was violated.

## II. Discussion

Evans argues that he is permitted to file this case under section 2241 because a motion to vacate under section 2255 is ineffective and inadequate. Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (citing *Andrews v. United States*, 373 U.S. 334, 337-38 (1963)). Because this issue is jurisdictional, the court must consider whether this action is properly styled as a habeas petition under section 2241 or whether it is more appropriately considered as a motion to vacate under section 2255.

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *United States v. Hayman*, 342 U.S. 205, 211 (1952).

The habeas remedy is now codified in section 2241, subsection (c)(3), which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) (holding that a petition challenging a decision of the federal Parole Commission is properly brought pursuant to section 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (noting that a petition challenging pre-trial detention is properly brought pursuant to section 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (discussing that a petition challenging the Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).

Section 2255, however, is the primary means by which defendants may challenge the legality of their federal convictions and sentences. *Antonelli*, 542 F.3d at 1351-52; *Jordan*, 915 F.2d at 629 (noting that section 2255 is the primary method of collateral attack on federally-imposed sentences); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. Unit A Apr. 1981) (stating that attacks on the underlying

validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241). Section 2255 allows "a prisoner to contest his sentence by motion on the ground that the court was without jurisdiction to impose such a sentence." *Thompson v. Warden*, No. 21-11438, 2021 WL 4165335, at *1 (11th Cir. Sept. 24, 2021) (quoting *Amodeo v. Coleman*, 984 F.3d 992, 996 (11th Cir. 2021)). Furthermore, a collateral attack on the validity of a federal conviction and sentence must be brought in the *district of conviction*. *Antonelli*, 542 F.3d at 1351-52; *Jordan*, 915 F.2d at 629.

Generally, a petitioner may not circumvent the procedural limitations on section 2255 motions simply by claiming that it is brought pursuant to section 2241. A petitioner may seek to challenge the legality of his federal detention under section 2241 only if he can show that a section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Johnson v. Warden*, 737 F. App'x 989, 990-91 (11th Cir. 2018); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). This "saving clause" imposes a subject-matter jurisdictional limit on section 2241 habeas petitions. *McCarthan*, 851 F.3d at 1080.

In *McCarthan*, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to

vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

*Id.* at 1086-87.

A section 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *Amodeo*, 984 F.3d at 999-1000 (discussing *McCarthan*, 851 F.3d at 1092-93). In other words, a "motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Thompson*, 2021 WL 4165335, at *2 (citing *Amodeo*, 984 F.3d at 998).

Here, Evans is not challenging the execution of his sentence. Rather, Evans is challenging the validity of his conviction and sentence. Indeed, Evans's arguments succinctly put are that the government lacked jurisdiction and standing to prosecute and convict Evans. Additionally, Evans attacks his conviction and sentence based on an alleged violation of the Double Jeopardy Clause.

Evans argues that the District Court should allow his section 2241 petition to proceed under the saving clause because, absent approval from the Fifth Circuit, his successive motion to vacate would be dismissed for lack of jurisdiction. That fact, however, does not mean that the remedy provided by section 2255 is inadequate or ineffective. *Bedgood v. Warden, FCC Coleman Medium*, 859 F. App'x 471, 472 (11th Cir. 2021) ("A petitioner who has filed a previous § 2255 motion may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241.") (citing *McCarthan*, 851 F.3d at 1092); *McCarthan*, 851 F.3d at 1090 ("If the saving clause 'guarantee[d] *multiple* opportunities to test a conviction or sentence,' then the bar against second and successive motions under section 2255(h) would become a nullity.") (quoting *Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011)).

The claims that Evans asserts in his current petition could have been brought in Evans's original motion to vacate filed pursuant to section 2255. *See Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 602-03 (11th Cir. 2017) (noting that a claim that a petitioner's Fifth-Amendment right to not be subject to double jeopardy could have properly been brought in his original section 2255 motion). Thus, section 2255 was an adequate vehicle to test these claims. *McCarthan*, 851 F.3d at 1086-87; *accord Amodeo*, 984 F.3d at 1002-03.

Additionally, Evans has not demonstrated that the sentencing court is unavailable or that practical considerations prevented him from filing a section 2255 motion.

Because Evans cannot satisfy section 2255(e)'s saving clause, the United States District Court for the Northern District of Florida lacks jurisdiction to entertain Evans's habeas petition under section 2241. To challenge his conviction and sentence, Evans would have to file a section 2255 motion with the district court in which he was convicted and sentenced.[3]

### III. CONCLUSION

Because the District Court lacks jurisdiction to entertain Evans's claims, the undersigned respectfully **RECOMMENDS** that:

1.   Evans's habeas petition under 28 U.S.C. § 2241, Doc. 1, be **DISMISSED** without prejudice for lack of jurisdiction.

2.   The clerk of the court close the case file.

At Pensacola, Florida, this <u>4th</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[3] Evans, of course, also would be required to comply with section 2255(h)'s requirements regarding successive motions.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**